```
1  BENJAMIN B. WAGNER
   United States Attorney
2  RICHARD J. BENDER
   KEVIN C. KHASIGIAN
3  Assistant U.S. Attorneys
   501 I Street, Suite 10-100
4  Sacramento, California 95814
   Telephone: (916) 554-2700
5
6
7
                IN THE UNITED STATES DISTRICT COURT FOR THE
8
                      EASTERN DISTRICT OF CALIFORNIA
9
10
   UNITED STATES OF AMERICA,        )   2:12-CR-00045 LKK
11                                   )
           Plaintiff,                )   STIPULATION FOR AMENDED
12                                   )   FINAL ORDER OF FORFEITURE
      v.                             )   RE: REAL PROPERTY AT 360
13                                   )   NORTH OAK AVENUE, HAYFORK,
   WILLIAM ROBERT BARSANTI,          )   CALIFORNIA AND ORDER
14                                   )   THEREON
           Defendant.                )
15 _____ )
                                     )
16 JUDITH AMES, DR. TIMONTY AINSLIE, )
   SUSAN AINSLIE, DR. THEODORE KLOTH,)
17 and MARY KLOTH,                   )
                                     )
18         Petitioners.              )
   _____ )
19
20     IT IS HEREBY STIPULATED by and between plaintiff United States
21 of America and petitioners Judith Ames, Timothy Ainslie, Susan
22 Ainslie, Ted Kloth and Mary Kloth, to compromise and settle their
23 interests in the following property (hereinafter, the "Property"),
24 and to consent to the entry of an Amended Final Order of Forfeiture
25 as to the following asset pursuant to Fed. R. Crim. P. 32.2, 21
26 U.S.C. § 853(a):
27         Real Property located at 360 North Oak Avenue,
           Hayfork, Trinity County, California, APN: 014-
28         430-58 , recorded owner William Robert
           Barsanti,/ and more fully described as:
```

THE SOUTH HALF OF THE NORTHEAST QUARTER OF THE NORTHWEST QUARTER OF THE NORTHEAST QUARTER OF SECTION 12, TOWNSHIP 31 NORTH, RANGE 12 WEST, M.D.B.M.

TOGETHER WITH ANY AND ALL EASEMENTS AND RIGHTS OF WAY APPURTENANT TO OR BEING USED ON OR IN CONNECTION WITH SAID LAND INCLUDING, BUT NOT LIMITED TO THE RIGHTS AS CONVEYED IN THE CONVEYANCE OF NON-EXCLUSIVE EASEMENT FROM PAUL KARCH AND MARION KARCH TO REO D. STOTT AND MILLARD LEE LONG DATED JULY 25, 1975 AND RECORDED JULY 25, 1975 IN BOOK 171 OF OFFICIAL RECORDS AT PAGE 348, TRINITY COUNTY RECORDS, AND AS CONVEYED IN THE CONVEYANCE ON NON-EXCLUSIVE EASEMENT FROM REO D. STOTT AND TRINITY RIVER LAND COMPANY, A CALIFORNIA CORPORATION TO MILLARD LEE LONG DATED AUGUST 13, 1975 AND RECORDED AUGUST 14, 1975 IN BOOK 171 OF OFFICIAL RECORDS AT PAGE 739, TRINITY COUNTY RECORDS.

This stipulation for *Amended* Final Order of Forfeiture is entered into between the parties pursuant to the following terms:

1. On or about March 13, 2013, William Robert Barsanti entered into a plea agreement in which he pled guilty to Counts Three and Four of the Indictment, which charge Manufacturing at least 100 Marijuana Plants in violation of 21 U.S.C. § 841(a)(1). The Court entered a Preliminary Order of Forfeiture on March 26, 2013. Pursuant to 21 U.S.C. § 853(n)(1), the United States gave direct notice to Judith Ames, Timothy Ainslie, Susan Ainslie, Ted Kloth and Mary Kloth, and published Notice of the Forfeiture Action on the official internet government forfeiture site www.forfeiture.gov beginning on March 28, 2013. Judith Ames, Timothy Ainslie, Susan Ainslie, Ted Kloth and Mary Kloth filed a Petition for Ancillary Hearing on July 18, 2013, claiming a lien holder interest in the Property. No other persons or entities have come forward and the time for maintaining a claim has expired.

2. The parties hereby stipulate that Judith Ames, Timothy Ainslie, Susan Ainslie, Ted Kloth and Mary Kloth are lien holders on

the Property.  Judith Ames, Timothy Ainslie, Susan Ainslie, Ted Kloth and Mary Kloth each have a legal right, title, or interest in the Property, and that such right, title, or interest requires the Court to amend the Preliminary Order of Forfeiture pursuant to Fed. R. Crim. P. 32.2(c)(2) to account for the Petitioners' respective interests because such interests were vested in them rather than the Defendant at the time of the commission of the acts which give rise to the forfeiture of the Property.  *See* 21 U.S.C. § 853(a).  The parties further stipulate, however, that the Preliminary Order of Forfeiture remains valid to the extent it orders the forfeiture of any interest William Robert Barsanti has in the Property.

    3.   The parties agree that the sale of the Property shall be handled by the U.S. Marshals Service in a commercially reasonable manner.  The U.S. Marshals Service shall have sole authority to select the means of sale, including sale by internet or through a licensed real estate broker, and shall have sole authority over the marketing and sale of the Property.

    4.   The United States agrees that upon entry of an *Amended* Final Order of Forfeiture and sale of the Property pursuant to the *Amended* Final Order of Forfeiture, the United States will not contest payment to Judith Ames, Timothy Ainslie, Susan Ainslie, Ted Kloth and Mary Kloth from the proceeds of the sale, after payment of outstanding real property taxes assessed against the Property and expenses reasonably incurred by the U.S. Marshals Service in connection with its custody and sale of the Property, the following:

        a.   To Petitioners Judith Ames, Timothy Ainslie, Susan Ainslie, Ted Kloth and Mary Kloth: A sum to satisfy an indebtedness under the Deed of

|   |   |   |
|---|---|---|
| 1 |  | Trust recorded in the Trinity County, |
| 2 |  | California, Official Records as instrument |
| 3 |  | number 2008018232, dated May 2, 2008 and |
| 4 |  | recorded June 10, 2008. Said Deed of Trust |
| 5 |  | secured a Promissory Note in the original amount |
| 6 |  | of $31,875.00 dated May 2, 2008. As of June 24, |
| 7 |  | 2013, the principal balance due and owing on the |
| 8 |  | Note was $9,196.56. Accrued interest due on the |
| 9 |  | Note through June 24, 2013 was $944.13. |
| 10 |  | Interest, subject to change, was accruing at the |
| 11 |  | rate of $2.30 per diem commencing June 24, 2013. |
| 12 |  | The total amount necessary to pay the Note in |
| 13 |  | full as of June 24, 2013 was $10,140.69. |
| 14 | b. | All unpaid interest at the contractual base rate |
| 15 |  | (not the default rate) under the above Note, |
| 16 |  | secured by the Deed of Trust, until the date of |
| 17 |  | payment. |
| 18 | c. | The exact amount to be paid to Judith Ames, |
| 19 |  | Timothy Ainslie, Susan Ainslie, Ted Kloth and |
| 20 |  | Mary Kloth shall be determined at the time of |
| 21 |  | payment, but shall not be less than the amounts |
| 22 |  | set forth above. |
| 23 | d. | To the United States of America: the net proceeds |
| 24 |  | from the sale of the Property after the above |
| 25 |  | disbursements to be forfeited to the United States |
| 26 |  | and disposed of as provided for by law. |

5. The payment to petitioners shall be in full settlement and satisfaction of all claims and petitions by petitioners to the

Property indicted by the Grand Jury for the Eastern District of California on or about February 2, 2012, and of all claims arising from and relating to the seizure, detention, and forfeiture of the Property. The payment to petitioners shall not include any penalty payments, including any prepayment penalties.

6. Upon payment, Judith Ames, Timothy Ainslie, Susan Ainslie, Ted Kloth and Mary Kloth agree to assign and convey their respective security or other interests to the United States via recordable documents and to release and hold harmless the United States, and any agents, servants, and employees of the United States (and any involved state or local law enforcement agencies and their agents, servants, or employees), in their individual or official capacities, from any and all claims that currently exist or that may arise as a result of the Government's actions against and relating to the Property. As against the United States and its agents, petitioners Judith Ames, Timothy Ainslie, Susan Ainslie, Ted Kloth and Mary Kloth agree to waive the provisions of California Civil Code § 1542, which provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

7. Petitioners Judith Ames, Timothy Ainslie, Susan Ainslie, Ted Kloth and Mary Kloth agrees not to pursue against the United States any other rights that it may have under the Promissory Note and/or Deed of Trust, including, but not limited to, the right to foreclose upon and sell the Property during the pendency of this proceeding or any post-forfeiture proceeding relating to the marketing and sale of the Property, and any right to assess

additional interest or penalties except as specifically allowed herein.

8. Petitioners understand and agree that by entering into this stipulation of their interest in the Property, they waive any right to litigate further their ownership interest in the Property and to petition for remission or mitigation of the forfeiture. Thereafter, if this Stipulation for *Amended* Final Order of Forfeiture is approved by the Court, then unless specifically directed by an order of the Court, Petitioners shall be excused and relieved from further participation in this action.

9. Petitioners understand and agree that the United States reserves the right to void the stipulation if, before payment of the Promissory Note or lien, the U.S. Attorney obtains new information indicating that the petitioners are not "innocent owners" or "bona fide purchasers" pursuant to the applicable forfeiture statutes. The U.S. Attorney also reserves the right, in its discretion, to terminate the forfeiture at any time and release the Property. In either event, the United States shall promptly notify the Petitioners of such action. A discretionary termination of forfeiture shall not be a basis for any award of fees.

10. The parties agree to execute further documents, to the extent reasonably necessary, to convey clear title to the Property to the United States and to implement further the terms of this Stipulation. Each party agrees to bear its own costs and attorneys' fees, except as otherwise set forth herein.

11. Payment to the petitioners pursuant to this Stipulation is contingent upon a forfeiture of the Property to the United States, the United States' prevailing against any additional third parties

alleging claims in an ancillary proceeding, and the Court's entry of an *Amended* Final Order of Forfeiture.  Further, the terms of this Stipulation shall be subject to approval by the United States District Court.  Violation of any term or condition herein shall be construed as a violation of an order of the Court.

    12.   The court shall maintain jurisdiction over this matter to, inter alia, enforce the terms of this stipulation.

Dated: 9/5/13                           BENJAMIN B. WAGNER
                                                  United States Attorney

                                                  /s/ Kevin C. Khasigian
                                                  KEVIN C. KHASIGIAN
                                                  Assistant U.S. Attorney


Dated: 7-30-13                          /s/ Judith Ames
                                                  JUDITH AMES
                                                  Petitioner, *in propria persona*


Dated: 8/31/13                          /s/ Timothy Ainslie
                                                  DR. TIMOTHY AINSLIE
                                                  Petitioner, *in propria persona*


Dated: 8/31/13                          /s/ Susan Ainslie
                                                  SUSAN AINSLIE
                                                  Petitioner, *in propria persona*


Dated: 8/15/13                          /s/ Dr. Theodore Kloth
                                                  DR. THEODORE KLOTH
                                                  Petitioner, *in propria persona*


Dated: 8/15/13                          /s/ Mary Kloth
                                                  MARY KLOTH
                                                  Petitioner, *in propria persona*

*///*

*///*

1 **ORDER**

2 The Court having received, read, and considered the foregoing
3 Stipulation of the parties, and good cause appearing therefrom, the
4 Stipulated Settlement is hereby ADOPTED and APPROVED, and the Court
5 hereby enters an *Amended* Final Order of Forfeiture on the terms set
6 forth in the parties' Stipulated Settlement.

7 IT IS SO ORDERED.

8 Dated: September 9, 2013

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT